UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH B. PRICE,

        Petitioner,                          Civil No. 04-10152-BC
                                                        Honorable David M. Lawson

v.

ANDREW JACKSON,

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, Kenneth B. Price, presently confined at the Mound Correctional Facility in Detroit, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted of three counts of first-degree criminal sexual conduct in the Wayne County, Michigan circuit court and sentenced to three concurrent terms of twenty-five to fifty years imprisonment. The petitioner alleges that his incarceration is unlawful because his constitutional right of confrontation was violated when the trial court refused to compel production of the complaining witness's counseling records and the trial court improperly admitted prior bad acts testimony. The respondent has filed an answer to the petition asserting that the claims are not cognizable on habeas review and lack merit. The Court finds that the first issue presents a cognizable claim, but it lacks merit. The second issue deals solely with a state law error and is not cognizable. The Court will deny the petition.

I.

The petitioner was charged with three counts of first-degree criminal sexual conduct. At the jury trial in the Wayne County, Michigan circuit court in September of 2001, the victim, Quentin Price, testified that when he was between six and eight years old the petitioner and his mother, Jean

Roach, sexually abused him. The victim testified that the petitioner engaged in anal intercourse with him multiple times. Quentin testified that he did not tell anyone of the abuse until he told his therapist when he was eleven years old. The petitioner presented no witnesses in his defense.

The jury convicted the petitioner on all three counts of first-degree criminal sexual conduct. He was sentenced to three concurrent prison terms of twenty-five to fifty years. The petitioner filed a timely appeal of right in the Michigan Court of Appeals, presenting the following claims:

> I. Defendant-appellant's convictions should be reversed because the trial court erred in denial of the discovery request as to the counseling records of complainant.
>
> II. Defendant-appellant's convictions should be reversed because the trial court erred in admission of prior bad acts under M.R.E. 404(b).

The Michigan Court of Appeals affirmed the convictions. *People v. Price*, No. 239342 (Mich. Ct. App. Aug. 14, 2003). The petitioner filed an application for leave to appeal in the Michigan Supreme Court, presenting the same claims presented to the court of appeals. The Michigan Supreme Court denied leave to appeal. *People v. Price*, No. 124687 (Mich. Feb. 27, 2004).

The petitioner then filed the pending petition for a writ of habeas corpus. The petitioner challenges his convictions on the same grounds asserted in state court.

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003).

> As amended, 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases: An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000); internal quotes omitted). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .

> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409.  The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . .
>
> [A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable.

*Id.* at 409, 410-11.  *See also King v. Bobby*, 433 F.3d 483, 489 (6th Cir. 2006); *Harbison v. Bell*, 408 F.3d 823, 828-29 (6th Cir. 2005); *McAdoo v. Elo*, 365 F.3d 487, 493 (6th Cir. 2004); *Rockwell v. Yukins*, 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

A.

The petitioner claims that he is entitled to habeas corpus relief because the trial court violated his right of confrontation when it refused his request to conduct an *in camera* review of the victim's psychological records. The petitioner contends that the records may have contained important information for impeachment because the victim first revealed the sexual abuse to his therapist. The respondent argues that no clearly established Supreme Court precedent requires an *in camera* review of a victim's therapy records and the petitioner was provided with an adequate opportunity to cross-examine the victim.

The Confrontation Clause of the Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. "[T]he Sixth Amendment's right of an accused to confront the witnesses against him is . . . a fundamental right and is made obligatory on the States by the Fourteenth Amendment." *Pointer v. Texas*, 380 U.S. 400, 403 (1965). The Confrontation Clause promotes reliability in criminal trials by providing defendants the opportunity for cross-examination. *Kentucky v. Stincer*, 482 U.S. 730, 739 (1987); *see also Stevens v. Bordenkircher*, 746 F.2d 342, 346 (6th Cir. 1984). The rights of confrontation and cross-examination "have ancient roots," which the "Court has been zealous to protect . . . from erosion." *Pointer*, at 404-05 (quoting *Greene v. McElroy*, 360 U.S. 474, 496-97 (1959)). However, the Confrontation Clause only guarantees "an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985). Trial judges may impose reasonable limits on cross-examination to preclude harassment, prejudice, and confusion of the issues; protect a witness's safety; and cutail questioning that is repetitive or only marginally

relevant. *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). Thus, "the Confrontation Clause is generally satisfied when the defense is given a full and fair opportunity to probe and expose [the testimonial] infirmities through cross-examination, thereby calling to the attention of the factfinder the reasons for giving scant weight to the witness' testimony." *Fensterer*, 474 U.S. at 22.

This Court recognizes that, while the right to present a defense is a fundamental tenet of due process, "[a] defendant's right to present evidence is not unlimited, but rather is subject to reasonable restrictions." *United States v. Scheffer*, 523 U.S. 303, 307 (1998). "A defendant's interest in presenting . . . evidence may thus bow to accommodate other legitimate interests in the criminal trial process." *Ibid*. (internal quotations omitted). However, the exclusion of evidence is unconstitutional where it "infringe[s] upon a weighty interest of the accused." *Ibid*. (citing *Rock v. Arkansas*, 483 U.S. 44, 58 (1987)); *see also Chambers v. Mississippi*, 410 U.S. 283, 302 (1973); *Washington v. Texas*, 388 U.S. 14, 22-23 (1967).

In determining whether the exclusion of evidence infringes upon a weighty interest of the accused, the court's role is not to determine whether the excluded evidence would have caused the jury to reach a different result. *Davis v. Alaska*, 415 U.S. 308, 317 (1973). Instead, the question is whether the defendant was afforded "a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (quoting *California v. Trombetta*, 467 U.S. 479, 485 (1984)). The prosecutor's case must "encounter and 'survive the crucible of meaningful adversarial testing.'" *Id.* at 690-691 (1984) (quoting *United States v. Cronic*, 466 U.S. 648, 656 (1984)). "Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested." *Davis*, 415 U.S. at 316. Further, the Supreme Court has held that "the

exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Id.* at 316-17.

The Michigan Court of Appeals held that the trial court did not err in declining to conduct an *in camera* review of the victim's counseling records. Although the state court did not explicitly address the claim in the context of the Confrontation Clause, the court cited case law that analyzed a request for *in camera* review of medical records in the context of the Confrontation Clause. *Price*, slip op. at 2 (citing *People v. Stanaway*, 446 Mich. 643, 521 N.W.2d 557 (1994)). The court of appeals held:

> Before the option of an in camera inspection is exercised, a defendant must show "a good-faith belief, grounded on some demonstrable fact, that there is a reasonable probability that the records are likely to contain material information necessary to the defense." *Stanaway, supra* at 676-677. "The defendant's generalized assertion of a need to attack the credibility of his accuser [does] not establish the threshold showing of a reasonable probability that the records contain information material to his defense sufficient to overcome the various statutory privileges." *Id.* at 650. . . .
>
> In the instant case, defendant failed to meet his burden of establishing the need for an in camera review of the victim's counseling records. Defendant has not demonstrated that there was a reasonable probability that the records contained material information necessary to his defense. *Stanaway, supra* at 676-677. A discrepancy between [the] social worker's report and the victim's statement concerning the address where the sexual assaults occurred was not a demonstrable fact that could serve as the basis for defendant's belief that the victim's records contained inconsistent statements. Defendant's assertion that the records might contain evidence useful for impeaching the victim was a generalized one, and as such, insufficient to support his request for an in camera review. *Id.* at 681. Because defendant failed to satisfy his burden, we conclude that the trial court did not abuse its discretion in denying defendant's motion for an in camera review.

*Price*, slip op. at 2.

Michigan law recognizes a psychiatrist-patient privilege that protects confidential information disclosed by an individual to a psychologist acting in a professional capacity. Mich. Comp. Laws § 333.18237. The Supreme Court also has recognized a psychotherapist-patient

-7-

privilege in the federal common law. *Jaffee v. Redmond*, 518 U.S. 1 (1996). The Michigan Court of Appeals held that the petitioner failed to overcome this privilege by showing that there was a reasonable probability that the psychologist's records contained information necessary to his defense. The petitioner has failed to show that the trial court's refusal to review the psychologist's records deprived him of a meaningful opportunity to present a defense. The petitioner's trial attorney was able to cross-examine the victim regarding the delay in reporting the assault as well as inconsistencies in his testimony and motives for him to lie. The trial court's refusal to review the psychological records *in camera* did not infringe upon the petitioner's opportunity to present his defense.

Furthermore, the trial court's refusal to review the records did not violate the petitioner's right of confrontation. In *Pennsylvania v. Ritchie*, 480 U.S. 39, 54 (1987), a plurality of the Supreme Court reasoned that the Confrontation Clause did not entitle a defendant accused of sexually abusing a child to review the records of a state child services agency pertaining to the child's abuse. The plurality of the Court explained:

> The opinions of this Court show that the right to confrontation is a *trial* right, designed to prevent improper restrictions on the types of questions that defense counsel may ask during cross-examination. *See California v. Green*, 399 U.S. 149, 157 (1970) ("[It] is this literal right to 'confront' the witness at the time of trial that forms the core of the values furthered by the Confrontation Clause"); *Barber v. Page*, 390 U.S. 719, 725 (1968) ("The right to confrontation is basically a trial right"). The ability to question adverse witnesses, however, does not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony. Normally the right to confront one's accusers is satisfied if defense counsel receives wide latitude at trial to question witnesses. *Delaware v. Fensterer*, 474 U.S. at 20. In short, the Confrontation Clause only guarantees "an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Id.* at 20 (emphasis in original). *See also Ohio v. Roberts, supra*, at 73 n.12 (except in "extraordinary cases, no inquiry into 'effectiveness' [of cross-examination] is required").

*Ritchie*, 480 U.S. at 52-53 (footnote omitted).

In this case, defense counsel received some of the victim's therapy records and was not limited in his cross-examination. Because the petitioner's right to cross-examine the witness was not limited at trial, the petitioner has not shown a violation of his right of confrontation. To the extent that other rights may be implicated by the state court's refusal to conduct an *in camera* review, those issues are not properly before this court because the petitioner has relied exclusively on the Confrontation Clause in his habeas petition and state court pleadings. *See Isaac v. Grider*, No. 98-6376, 2000 WL 571959 (6th Cir. May 4, 2000) (unpublished). The state court's decision that the trial court acted properly in refusing to conduct an *in camera* examination of the victim's therapy records was not contrary to or an unreasonable application of Supreme Court precedent.

B.

The petitioner argues that a writ of habeas corpus should be issued because the trial court improperly admitted other acts evidence under Michigan Rule of Evidence 404(b) when the trial court permitted the victim to testify about uncharged acts of sexual assault committed by the petitioner against the victim.

It is well-established that "federal habeas corpus review does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Louis v. Jeffers*, 497 U.S. 764, 780 (1990)). The Sixth Circuit has held that "[i]n a habeas corpus proceeding, it is not the province of a federal appellate court to review the decision of the state's highest court on purely state law." *Long v. Smith*, 663 F.2d 22, 22-23 (6th Cir. 1981). "When an evidentiary ruling is so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). "Habeas review does not encompass state court

rulings on the admission of evidence unless there is a constitutional violation." *Clemmons v. Sowders*, 34 F.3d 352, 357 (6th Cir. 1994) (citing *Fuson v. Jago*, 773 F.2d 55, 59 (6th Cir. 1985)).

The last state court to issue a reasoned opinion regarding this claim, the Michigan Court of Appeals, held that the evidence was not admitted to show defendant's criminal propensity but, instead, was admitted "to show that the victim was subject to continuous acts of sexual abuse by defendant over an extended period of time." *Price*, slip op. at 3. The court of appeals further held that evidence of defendant's continuous sexual assaults against the victim bore upon the victim's credibility. In addition, the court of appeals held that any possibility of undue prejudice was avoided because the trial court cautioned the jury that it was only to consider the evidence of defendant's uncharged acts for the limited purpose of judging the believability of the testimony regarding acts for which defendant was on trial.

However, the United States Supreme Court has never held that evidence tending to prove criminal propensity violates due process. *Estelle*, 502 U.S. at 75 n.5. In fact, such evidence is allowed in sexual assault cases under the Federal Rules of Evidence. *See* Fed. R. Evid. 413. Therefore, "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh*, 329 F.3d at 512. In addition, the petitioner has failed to show that the trial court's decision to admit this evidence resulted in any other violation of his constitutional rights. The petitioner is not entitled to habeas corpus relief with respect to this claim.

The reasoning of the state court does not comport with logic or state evidence laws. Allowing a victim to make allegations that the defendant engaged in repeated acts of abuse does

little to enhance the victim's credibility and it is not a proper purpose for the evidence under Michigan Rule of Evidence 404(b). Moreover, the court's limiting instruction likely was ineffective and the evidence probably should have been excluded under Rule 403.

### III.

The state court decisions in this case were not contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. The petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

                                               s/David M. Lawson  
                                               DAVID M. LAWSON  
                                               United States District Judge

Dated: August 4, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 4, 2006.

                              s/Tracy A. Jacobs  
                              TRACY A. JACOBS